UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BENJAMIN H LEE, SR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01943-TWP-MPB |
| | ) | |
| BARGE OFC., | ) | |
| K SEROUR Law Library, | ) | |
| PENDLETON C F, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening and Dismissing Complaint and Directing Plaintiff to Show Cause**

**I.     Screening and Dismissing Complaint**

**A.     Screening Standard**

Plaintiff Benjamin H. Lee, Sr. is a prisoner currently incarcerated at Indiana State Prison. The complaint relates to events that occurred while he was incarcerated at Pendleton Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

**B.    The Complaint**

Mr. Lee names as defendants: (1) Officer Barge; (2) K. Serour; and (3) Pendleton CF.  He alleges that although he handed mail to Officer Barge, that mail was found on the microwave by an inmate the next day.  He alleges that he handed legal mail to K. Serour to be mailed out by the mail library, but it was returned to him two days later.  He also asserts this was a violation of Indiana Department of Correction (IDOC) policy.  He alleges that Pendleton CF fails to train its employees "on how to do a job, but when the job is not done right[,] they just wave it off."  Dkt. 2 at 3 (capitalization modified).  For relief, he requests "some [form] of compensation and some type of action taken against them for no[t] doing the job right!"  *Id.* at 4.

**C.    Discussion of Claims**

Mr. Lee has, at most, alleged access-to-courts claims against Officer Barge and K. Serour, but these claims must be **dismissed for failure to state a claim** because there are no allegations of injury.  "Prisoners have a fundamental right of access to the courts that prisons must facilitate by providing legal assistance." *In re Maxy*, 674 F.3d 658, 660 (7th Cir. 2012) (*citing Bounds .v Smith*, 430 U.S. 817 (1977)).  At the same time, however, prisoners do not have an "abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  Thus, to prevail on an access-to-courts claim, a prisoner must "submit evidence that he suffered actual injury—i.e., that prison officials interfered with his legal materials—and that the interference actually prejudiced him in his pending litigation." *Devbrow v. Gallegos*, 735 F.3d

584, 587 (7th Cir. 2013) (citations omitted). Mr. Lee does not allege that the mail he gave Officer Barge was legal mail. In addition, he does not allege that the returned legal mail caused any harm to any specific litigation.

Any claims against Pendleton CF must be **dismissed for failure to state a claim** because Pendleton CF is a building, not a suable entity under § 1983.

Mr. Lee also alleges a claim for K. Serour's failure to comply with IDOC policy, rules and procedures. K. Serour's alleged failure to follow IDOC policy, rules, and procedures does not, in and of itself, violate the Constitution. *Estate of Simpson v. Gorbett*, 863 F.3d 740, 746 (7th Cir. 2017) ("Section 1983 protects against constitutional violations, not violations of ... departmental regulation and ... practices[.]") (internal quotation omitted); *Waubanascum v. Shawano County*, 416 F.3d 658, 670 (7th Cir. 2005) (neither negligence nor a violation of state law provide a basis for liability under § 1983); *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003) ("State law violations do not form the basis for imposing § 1983 liability."). Further, there is no indication that K. Serour's alleged failure to follow IDOC policy, rules, and procedures otherwise violated Mr. Lee's constitutional rights. Accordingly, any claim related to a violation of IDOC policy, rules, and procedures is **dismissed for failure to state a claim upon which relief can be granted**.

Accordingly, Mr. Lee's complaint must be **dismissed for failure to state a claim upon which relief can be granted** pursuant to 28 U.S.C. § 1915A(b).

## II. Duty to Update Address

The *pro se* plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

### III. Further Proceedings

The plaintiff shall have **through August 20, 2018,** in which to **show cause** why this action should not be dismissed for failure to state a claim upon which relief can be granted. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (plaintiffs should be given at least an opportunity to amend or to respond to an order to show cause before a case is "tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). If the plaintiff wishes to amend his complaint, he shall place the proper case number, 1:18-cv-01943-TWP-MPB, and the words "Amended Complaint" on the first page of the amended complaint.

If the plaintiff fails to show cause, the action will be dismissed for the reasons set forth in this Entry without further notice. If the plaintiff files an amended Complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b).

**IT IS SO ORDERED.**

Date: 7/20/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BENJAMIN H LEE, SR
171394
Indiana State Prison
One Park Row
Michigan City, IN 46360